## No. 12,842.

## LAKE BISTENEAU LUMBER CO. VS. MIMS, SHERIFF, ET AL.

The asserted error of an act of mortgage in describing the property may be inquired into and corrected on the intervention of the mortgage creditor in the suit of an alleged owner enjoining the execution of the mortgage creditor, the petition of intervention containing the requisite allegations to show and admit proof of the error.

AN APPEAL from the First Judicial District Court for the Parish of Caddo. *Land, J.*

*Leonard & Randolph* for Plaintiff, Appellee.

*Wise & Herndon* for Lane & Bodley Co., Intervenors and Third Opponents, Appellants.

Argued and submitted June 3, 1898.
Opinion handed down June 13, 1898.
Rehearing refused June 28, 1898.

The opinion of the court was delivered by

MILLER, J. This appeal is by the Lane Bodley Company, the intervenors from the judgment dismissing their intervention in the suit of the Lake Bisteneau Lumber Company vs. The Sheriff.

The Lane Bodley Company sold certain machinery to Matthews, their debt being secured, it is alleged, by special mortgage on the land on which the machinery was erected, as well as by privilege on the machinery. On their debt they obtained judgment, with recognition of their mortgage and privilege, and the sheriff was proceeding with the execution of the judgment. Matthews sold the land subsequently to the plaintiff, the Lake Bisteneau Lumber Company, and they enjoined the execution, on the ground that the land seized, and about to be sold under the execution, was not covered by the mortgage of the seizing creditor, but belonged to the plaintiff in injunction under the sale by Matthews to the company. The Lane Company, not made defendants in the injunction suit, intervened, alleging their mortgage on the property seized, that there was a clerical error in the act of mortgage of description or omission of the lands mortgaged and setting forth in detail the error, with the averment substantially, that the error was manifest from the deed under which plaintiffs acquired; that they were estopped from disputing the mortgage on the lands, and that they had recognized the mortgage. In this condition an attempt was made by the Receivers of the Lake Bisteneau Company to transfer the injunction suit to the Federal Court which had appointed the Receivers, and if that had been accomplished, the Lane Company, arrested by the injunction from executing their judgment rendered by the State Court, would have been forced into the Federal Court to try the issue raised by the

injunction suit. The controversy was before us on a previous occasion on the appeal from the judgment dismissing the injunction suit. Our decision reversed the judgment and remanded the case for trial on the issues raised by the intervention. Lake Bisteneau Lumber Company vs. Mims, Sheriff, 49 An. 1283. On the return of the case to the State Court there was judgment sustaining the exception of the plaintiff in injunction to the intervention of the Lane Company, and from that judgment that company appeals.

The exception is substantially, that an error in the act of mortgage of the Lane Company can not be inquired into and corrected by an intervention in the injunction suit of the Lake Bisteneau Company against the sheriff, but the Lane Bodley Company must resort to a direct action and make their mortgagors and the vendors of the Lake Bisteneau Company parties. In the Federal Courts it is the exclusive jurisdiction of equity to reform written instruments so as to conform to the intention of the contracting parties, and in these courts the exceptions to the intervenors would have its force. But under our system where the mortgagee is seeking to enforce a mortgage containing an error of description corrected, it is claimed, by intrinsic evidence of the acts on which the parties claim, and other circumstances plainly denoting the alleged error, in our view, their is no necessity to compel the mortgagee to seek relief in a direct action, instead of an intervention with adequate allegations directed against the party in interest, who disputes the mortgage and claims the property. There is, in our view, the proper allegations and the necessary parties to adjust the issue tendered by the intervention, and the lower court erred in maintaining the exception to the intervention.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed and that the suit be and is hereby remanded for trial on the merits and that appellee pay costs.